*32 OPINION.
Van Fossan:
The sole issue in these cases is whether the original cost to the old firm or the market value as of December 31, 1921, the date of reorganization, should be taken as a basis for computing gain or loss arising from the sale of securities in 1922.
The respondent’s position is that as to the 25 per cent interest owned by Henry W. Healy throughout the entire period and the 10 per cent so owned by Raymond Healy, the original cost of the securities should govern the computation of profit or loss. The respondent maintains, however, that as to the 50 per cent interest in the partnership originally owned by A. Augustus Healy and acquired by Henry W. Healy on December 31,1921, after his father’s death, the market value of the securities on December 31,1921, should be used. A similar position is taken as to the 15 per cent interest acquired by Henry W. Healy from his brother, Raymond Healy.
While Congress ignored, for taxing purposes, the existence of a partnership as a taxable entity, yet it recognized it as a business unit and provided specifically for the method of computing the income derived from its business dealings. W. J. Burns, 12 B. T. A. 1209.
It is evident that it was not the intent of Congress to relate the various transactions of a partnership to the several owners thereof, but rather to consider it as a going concern or integral enterprise .in determining the income, gains and losses. In R. W. Archbald, Jr., 4 B. T. A. 483, we held that the death of a partner does not terminate its accounting period for tax purposes. See also Henry Wilson et al, 16 B. T. A. 1280.
Under the facts presented in these cases it appears that the death of A. Augustus Healy on September 28, 1921, interfered in no way with the actual operation of the partnership. While under the laws of the State of New York the death of a partner automatically dissolves a partnership, yet the partnership operations are not terminated until the winding up of the partnership affairs is complete. Morris Gumpel, 2 B. T. A. 1127. During the period from September 28 to December 31, 1921, the partnership was conducted *33 just as it had been prior to the death of A. Augustus Healy, with the view either of future liquidation or continued operation. On the latter date it was determined that the partnership should be continued. Therefore, during the entire period under discussion the partnership suffered no change of status as a business enterprise.
Partnership property belongs to the partnership and not to the partners. The property acquired by Henry W. Healy from the estate of A. Augustus Healy was an undivided partnership interest in the firm of A. Healy & Sons and not a direct ownership in the securities owned by the partnership. Sam H. Harris, 11 B. T. A. 871.
Applying these principles to the facts before us, it is our opinion that the correct basis for computing gain or loss derived from the sale of certain securities in 1922 is their original cost to the partnership at the time of their acquisition by it, disregarding the subsequent changes in the personnel of the firm.
Reviewed by the Board.

Decision will be entered under Bule 60.

MuRdock concurs in the result.
Smith and Trammel dissent.